## Case No. 17,900.
### In re WINTHROP.

[5 Law Rep. 24.]

District Court, D. Massachusetts. March 26. 1842.

#### IMPRISONMENT OF BANKRUPT.

A judgment creditor enjoined from committing a bankrupt to prison.

[Cited in brief in Ex parte Hoskins, Case No. 6,712; Ex parte Waddell, Id. 17,027.]

In this case the bankrupt [Grenville T. Winthrop] presented his petition, setting forth that the petitioner, upon the 8th day of March, was, upon his petition to this court, declared to be a bankrupt; that an assignee had been appointed, according to the late act of congress [5 Stat. 440], in his behalf, and that it was necessary for him to be ready, at all times, for examination in regard to his affairs; that he had filed his petition for a discharge; that Ebenezer Trescott, of Boston, recovered a judgment against the petitioner, in the court of common pleas, at the last January term, and had sued out an execution thereon, and placed the same in the hands of a deputy sheriff of Middlesex, on March 22d, with written directions to collect the amount of the same, or commit the petitioner forthwith to prison, and in consequence of such directions, said deputy sheriff was about to commit the petitioner to jail. Wherefore he prayed, that said Trescott, and said deputy sheriff, and all other persons, might be enjoined from arresting or committing the petitioner to jail, until a hearing could be heard upon his petition for a discharge.

William C. Aylwin, for petitioner.
Ebenezer Trescott, pro se.

SPRAGUE, District Judge, sustained the application, and granted the injunction. He observed, that it appeared, by the affidavits of the petitioner and the assignee, that the presence of the petitioner was necessary, to give information to the assignee, and to assist him in relation to the estate; that the petitioner ought to be in a situation at all times to obey the orders of the court, and that his being in close confinement would conflict with the proper exercise of the jurisdiction of the court under the bankrupt law. But, besides this, the object and purpose of the creditor here were inconsistent with the object and purpose of the bankrupt law. He sought to coerce his debtor to give him a preference. The law forbad that preference. The object of enforcing the execution was to compel the debtor to turn out property, or to disclose

WINTHROP (Case No. 17,901)                    [30 Fed. Cas. page 376]

secret funds, wherewith to pay the debt. But the bankrupt law had divested him of all his property. He could have no funds; and if he should, from any property, open or secret, pay this execution, the creditor could derive no benefit therefrom, as he would be immediately compelled to pay over the same to the assignee, upon a proper application for that purpose. It is the purpose of the bankrupt law to distribute all the property of the bankrupt among his creditors, and, if he has conducted fairly, to discharge him from h.s debts. This process has been commenced in the present case. The petitioner has been divested of all his property, for the benefit of all his creditors. The time for hearing his application for a discharge has not yet arrived. Shall the creditor, in this interval, after the bankrupt has been by law absolutely disabled from paying this debt, be permitted to use an instrument to coerce payment, when there is no reason to doubt that the bankrupt has acted in good faith, and will be entitled to his discharge from this very debt?

The judge decreed an injunction until the further order of court, observing that it would be open to the creditors, at any time, to move to have it dissolved.